In the Matter of the Claim of ERNEST P. PERRY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, November 18, 1971.

*Ernest P. Perry*, appellant in person.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz, Samuel Stern* and *Irving Jorrisch* of counsel), for respondent.

HERLIHY, P. J. This is an appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1970, which affirmed and adopted a Referee's decision which sustained an initial determination of the respondent that upon the credible evidence the claimant was disqualified from receiving benefits on the ground that he provoked his discharge and thus voluntarily left his employment.

The claimant was discharged from his employment effective June 1, 1970 because he did not report his intention to be absent that day from employment to his supervisor until 1:40 P.M. The claimant's supervisor did not testify at the hearing before the Referee, and the employer submitted hearsay testimony by its personnel services co-ordinator. He testified: " That is the time [prior to June 1, 1970] his supervisor advised him in the future he must call in around the area of 9 A.M. if he is going to be absent. And it was considered in the nature of a final warning." He further testified with reference to calls being made at a specified time that there was no rule but " [i]t's recommended by the supervisor, of course, that the men call in around

the area of nine o'clock ". The company representative who allegedly warned the claimant that he must call in on any days absent at about 9:00 A.M. was a Mr. Helfridge, who did not testify because of alleged illness " and was not able to work in the afternoons ". The claimant testified that he had been previously advised by Mr. Helfridge that whenever he was going to be absent he must call in to the office. He further testified that the conversation was as follows: " [Supervisor] said that he didn't want me to take off any more days without calling in regardless of what the circumstances was; if I was interested in my job, make sure I call in at some point if I was going to be out." He also testified in response to a question as to why he did not comply with the supervisor's instructions on June 1, 1970: " I complied. I called. His instructions was that I must call regardless, so I did call, although it was approximately 1:40, as Mr. Pecorella pointed out."

Upon the present record it is established that the claimant had absented himself from the employment on many occasions without such absences having been authorized in advance by the employer and as observed by the Referee at the hearing: " [H]is record prior to this year of 1970, did not appear to be too bad?" The only evidence in this record on behalf of the employer and/or respondent that the claimant had to call the employer in regard to a day of absence at any particular time is completely hearsay. While such evidence is admissible in these administrative proceedings, it cannot prevail against the sworn testimony of the claimant and his testimony only establishes that he was required to call in during the day of absence. The Referee in his opinion, which was adopted by the board, purported to give full credence to all of the details of the claimant's testimony in his own behalf. In any event, there is nothing in the present record which would tend to impeach the claimant's testimony as to the time when he was supposed to call in on any day of absence. The decision of the board, as a matter of law, is not supported by substantial evidence.

While not necessary to our decision, the reason given by the claimant for delaying his telephone call appears to be valid.

The decision should be reversed, with costs, and the matter remitted for further proceedings not inconsistent herewith.

AULISI, STALEY, JR., SWEENEY and SIMONS, JJ., concur.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.