■ In the Matter of the Claim of ALEJANDRO GARCIA, Respondent. HALLER PLASTICS CORPORATION, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 8, 1984, which granted the employer's application to reopen and, upon reconsideration, adhered to its July 21, 1983 decision ruling claimant eligible to receive benefits.

Claimant was employed as a floor boy and charged with the duty of relieving machine operators during union mandated breaks. On June 7, 1982, claimant was directed to relieve four machine operators. He relieved one operator, but refused to relieve the other three on the ground that he was being required to perform double duty. He was discharged.

As a union member, this termination of employment was the subject of arbitration proceedings before the New York State Mediation Board. Prior to the determination of the administrative law judge, the arbitrator found that while discipline was warranted discharge was too severe. On January 21, 1983, the administrative law judge found that claimant was discharged for misconduct. On July 21, 1983, the board reversed and ruled claimant eligible to receive benefits. Upon reopening and reconsideration, the board adhered to its original determination by decision dated March 8, 1984. This appeal by the employer ensued.

While we agree with the employer's contention that the doctrines of claim preclusion and issue preclusion between the same parties apply as well to awards in arbitration as they do to adjudications in judicial proceedings (*Matter of Ranni [Ross]*, 58 NY2d 715, 717; *Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.]*, 43 NY2d 184), we nevertheless conclude that the principle of collateral estoppel is inapplicable to the facts herein. A fair reading of the arbitrator's award clearly indicates that the arbitrator did not find that the employer justifiably terminated claimant. On the contrary, he found that "disciplinary action was justifiable but discharge excessive under the circumstances". The employer was directed to reinstate claimant without back pay but without loss of seniority or other contractual benefits. The arbitrator did not rule on the issue of whether claimant was guilty of misconduct within the meaning of the Labor Law. Rather, he concluded that the employer did not meet its burden of demonstrating that claimant, who did not speak English, knowingly disobeyed instructions written in English posted on the employer's bulletin board. Accordingly, the issue before the board, employee misconduct, was not the same issue passed upon by the arbitrator (see *Rembrandt Ind. v Hodges Int.*, 38 NY2d 502, 504).

Turning to the board's decision, filed March 8, 1984, which, upon reconsideration, adhered to its July 21, 1983 decision finding that claimant was eligible to receive benefits, we conclude that the decision is supported by substantial evidence and must be affirmed. The sole issue before the board was the credibility of witnesses. The board chose to credit claimant's

testimony that he was not ordered by his supervisor to relieve all four operators of other machines and to reject the hearsay testimony to the contrary by the employer's vice-president. We should not interfere with that conclusion (see *Matter of Perry* [*Levine*], 37 AD2d 367).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.