■ In the Matter of the Claim of Steven L. Unterman, Appellant. Commissioner of Labor, Respondent. [739 NYS2d 494] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 17, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a site surveyor whose duties included traveling to various locations to evaluate their potential as sites for multiple dwelling units. After he left work early without authorization on two consecutive afternoons to pick up his car at a repair shop, claimant was discharged. The

record discloses that the employer had previously given claimant written notice that such conduct would not be tolerated. The Unemployment Insurance Appeal Board ruled that claimant lost his employment under disqualifying circumstances prompting this appeal.

It is well settled that an employee's unauthorized absences from work may constitute disqualifying misconduct (*see, Matter of Tordsen [Commissioner of Labor]*, 287 AD2d 935, 936), especially in cases such as this where prior warnings have been given (*see, Matter of Greenberg [Commissioner of Labor]*, 286 AD2d 794; *Matter of Williams [Commissioner of Labor]*, 274 AD2d 805, 806). Here, it is undisputed that claimant was discharged because he left work early on two occasions after the employer had specifically denied his requests for permission to leave and after having been warned to refrain from such conduct. Accordingly, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. Claimant's remaining contentions have been examined and found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.