■ In the Matter of the Claim of JOAN M. INSCHO, Appellant. COMMISSIONER OF LABOR, Respondent. [753 NYS2d 760] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 18, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Upon observing claimant uncharacteristically stumbling and bumping into counters at work on October 12, 2001, claimant's supervisor determined that claimant was intoxicated. Although claimant denied being intoxicated, the record confirms that, shortly after leaving work, she was arrested and ultimately pleaded guilty to driving while intoxicated. On October 17, 2001, claimant was warned that a report of such conduct of being intoxicated at work could lead to her discharge and she was instructed by the employer to enroll in the employee assistance program by November 15, 2001, which she admittedly did not do. On November 16, 2001, claimant was again observed by coworkers to be unsteady on her feet at work, the smell of alcohol was detected on her breath, and she was discharged. Inasmuch as the record contains evidence tending to impeach claimant's credibility, we reject claimant's contention that the decision of the Unemployment Insurance Appeal Board is improperly based, in part, upon hearsay evidence (*see Matter of Giacalone [Ross]*, 71 AD2d 706; *cf. Matter of Perry [Levine]*, 37 AD2d 367). In view of the foregoing, we find substantial evidence to support the Board's decision that claimant engaged in disqualifying misconduct by showing up at work under the influence of alcohol and precipitating her own discharge (*see Matter of Daly [Sweeney]*, 244 AD2d 614).

Spain, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.