■ In the Matter of the Claim of STEVEN KRYSZAK, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 370] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 30, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a press assistant at the employer printing company. He was discharged after reporting for work unable to perform his job responsibilities due to intoxication. Claimant had a history of poor attendance and had been the subject of repeated warnings, initially oral and then in a written "Last Chance Agreement," providing that he would be terminated immediately if he again violated the employer's attendance policy. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits due to misconduct. Claimant appeals.

It is well established that a claimant's unauthorized absence from work, especially after repeated warnings, may constitute disqualifying misconduct (*see Matter of Greenberg [Commissioner of Labor]*, 286 AD2d 794 [2001]; *Matter of Sadowski [Star Corrugated Box—Commissioner of Labor]*, 268 AD2d 752 [2000]). In addition, a claimant who reports for work under the influence of alcohol may be found guilty of disqualifying misconduct unless evidence is presented to establish that he or she suffers from the disease of alcoholism (*see Matter of Inscho [Commissioner of Labor]*, 301 AD2d 1006 [2003]; *Matter of Daly [Sweeney]*, 244 AD2d 614, 615 [1997]). No such showing was made in this matter. Upon the record before us, we conclude that substantial evidence supports the Board's finding that claimant's employment was terminated under disqualifying circumstances (*see Matter of Unterman [Commissioner of Labor]*, 293 AD2d 801 [2002]). The remaining issues raised herein have been examined and found to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.