■ In the Matter of the Claim of HECTOR SPINEL, Appellant. COMMISSIONER OF LABOR, Respondent. [768 NYS2d 701]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a patient care associate after he left work early without authorization, despite having received prior warning that such conduct was unacceptable. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant lost his employment under disqualifying circumstances. Leaving work early without good cause has been held to constitute disqualifying misconduct, particularly where, as here, claimant was aware that it could jeopardize his employment (*see Matter of Unterman [Commissioner of Labor]*, 293 AD2d 801, 802 [2002]; *Matter of Patrick [La Salle School—Commissioner of Labor]*, 251 AD2d 944, 944 [1998]). Furthermore, we find no error in the Administrative Law Judge denying claimant's request to call certain witnesses who would support his contention that, although he left early, it was not as early as charged.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.