■ In the Matter of the Claim of JOHN S. WAITE, Respondent. TOWN OF TAGHKANK, Appellan; COMMISSIONER OF LABOR, Respondent. [771 NYS2d 556]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 2003, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant, a snow plow driver, was discharged from his employment because he left work sick on January 3, 2003 without his supervisor's permission. On the day in question, claimant informed his supervisor that he was ill and was leaving early. The supervisor failed to respond. After filing a claim for unemployment insurance benefits but before a hearing on the matter, claimant and the employer entered into a settlement stipulation pursuant to which he was rehired but suspended for 45 days without pay. Notwithstanding this settlement, he proceeded to a hearing before an Administrative Law Judge (hereinafter ALJ) challenging the initial determination of disqualifying misconduct for the purpose of establishing his entitlement to any future claim for benefits. The ALJ ruled that claimant's employment prior to January 4, 2003 could be used to establish any such claim. The Unemployment Insurance Appeal Board affirmed this determination.

On appeal, the employer raises three arguments, namely, that substantial evidence does not support the Board's determination, that the settlement stipulation is dispositive of the issue of misconduct and that it was denied a fair hearing based on insufficient notice to its attorney. First, although leaving work early without authorization can constitute disqualifying misconduct (*see Matter of Gorton [Genesee County Ch. NYSARC—Commis-*

*sioner of Labor]*, 1 AD3d 682 [2003]), substantial evidence in the form of testimony along with a doctor's note diagnosing claimant with strep throat and removing him from work for three days supports the determination that claimant's conduct did not rise to the level of misconduct under these facts (*see Matter of Santa [Eastman Kodak Co.—Sweeney]*, 236 AD2d 776 [1997]).

Next, we reject the employer's assertion that the settlement stipulation regarding claimant's employment status, attached to the employer's brief, is dispositive of the issue of whether claimant is entitled to receive unemployment insurance benefits. Initially, we note that the settlement agreement was not introduced into evidence at the hearing and, therefore, is not part of the record before this Court (*see Matter of Smith [Commissioner of Labor]*, 296 AD2d 803, 804 n [2002]). In any event, it was within the Board's authority to determine the factual basis for claimant's discharge (*see Matter of Napolitano [Commissioner of Labor]*, 264 AD2d 928 [1999]) and, as noted, substantial evidence supports the determination of no misconduct here.

Finally, we reject the employer's argument, raised for the first time on appeal, that it was denied a fair hearing because its attorney was not notified. The record establishes that notification was sent to the employer at the address provided (*see e.g. Matter of Strozewski [Roberts]*, 114 AD2d 744 [1985]) and one of its representative was available to testify. Furthermore, no request for an adjournment was made in order for the employer's attorney to be present. Therefore, we find no reason to disturb the Board's determination.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.