■ In the Matter of the Claim of RANDY F. WHITE, Appellant. COMMISSIONER OF LABOR, Respondent. [850 NYS2d 710]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 17, 2007, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked for the employer as a truck driver for approximately four months. On November 30, 2006, he was working on a job hauling potatoes from a field when a windshield wiper on the truck he was driving dislodged. It started raining and two mechanics who also worked for the employer were unable to find parts to fix the broken wiper. Claimant went home before the end of his shift without advising his supervisor of the problem with the truck and he lost his job as a result. The Unemployment Insurance Appeal Board ruled that he was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct and, upon finding that he made a willful misrepresentation, reduced his right to receive future benefits by four effective days. Claimant appeals.

We affirm. A claimant who leaves work early without authorization may be found to have engaged in disqualifying misconduct (*see Matter of Glinski [Radio Shack Corp.—Commissioner of Labor]*, 21 AD3d 1201, 1202 [2005]; *Matter of Gorton [Genesee County Ch. NYSARC—Commissioner of Labor]*, 1 AD3d 682 [2003]). Here, claimant did just that. Although he asserts that the mechanics who worked on the truck instructed him to go home, they denied doing so and stated that another truck was available for claimant to use. The conflicting testimony presented a question of credibility for the Board to resolve (*see Matter of Smith [Commissioner of Labor]*, 303 AD2d 815, 816 [2003]) and, even if claimant's testimony were accepted as true, it does not establish that he was authorized to leave work. Furthermore, insofar as claimant falsely represented on his unemployment insurance application that he was laid off from his job, a forfeiture penalty was properly imposed (*see Matter of Brill [Commissioner of Labor]*, 251 AD2d 948, 949 [1998]).

Carpinello, J.P., Lahtinen, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.