■ In the Matter of the Claim of DAVID R. PEDIGO, Appellant. TOWNHOUSE APARTMENTS AT LIDO BEACH, Respondent; COMMISSIONER OF LABOR, Respondent. [870 NYS2d 134]—

Claimant worked in the maintenance department at an apartment complex. After receiving a telephone call that his father-in-law had been injured, he left his job early without first speaking with his direct supervisor. He had previously been warned not to leave work early without consulting his manager. Claimant was subsequently terminated from his employment as a result of this incident. The Unemployment Insurance Appeal Board ruled that he was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct, and it adhered to this decision upon reconsideration. Claimant appeals.

Initially, we note that leaving work without permission has been found to constitute disqualifying misconduct (*see Matter of White [Commissioner of Labor]*, 48 AD3d 854, 855 [2008]; *Matter of Gorton [Genesee County Ch. NYSARC—Commissioner of Labor]*, 1 AD3d 682, 682 [2003]). Here, the employer's comptroller testified that claimant abruptly left his job without consulting his supervisor even though she advised him that he should do so and he had been previously warned about such conduct. Claimant's assertion that he told the comptroller that it was an emergency and was under the impression that he was only required to tell someone he was leaving presented a credibility issue for the Board to resolve (*see Matter of Rogers [Beena 1 Corp.—Commissioner of Labor]*, 47 AD3d 1178, 1178-1179 [2008]). Claimant's assertion that hearsay testimony was improperly admitted at the hearing has not been preserved due to his failure to object (*see Matter of Liposki [Citifloral, Inc.— Commissioner of Labor]*, 284 AD2d 819, 820 [2001]). His remaining contentions are unavailing.

Mercure, J.P., Spain, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.