■ In the Matter of the Claim of SARAH A. WATSON, Appellant. THE MOHAWK HOMESTEAD, Respondent; COMMISSIONER OF LABOR, Respondent. [923 NYS2d 797]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 8, 2010, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for the employer as a housekeeping aide for approximately three years when her employment was terminated after she left work prior to the completion of her shift and against an expressed directive from her supervisor not to do so. After claimant applied for unemployment insurance benefits, as relevant here, the Unemployment Insurance Appeal Board denied the claim, ruling that claimant lost her job under disqualifying circumstances. Claimant now appeals.

The record contains substantial evidence to support the Board's decision. An employee's unauthorized departure from work may constitute misconduct (*see Matter of Young [Commissioner of Labor]*, 73 AD3d 1318 [2010]; *Matter of Pedigo [Townhouse Apts. at Lido Beach—Commissioner of Labor]*, 57 AD3d 1188, 1189 [2008]). The employment records demonstrate that claimant was scheduled to work until 1:00 P.M. on the day in question, but that she punched out at 12:02 P.M. Furthermore, both of claimant's supervisors testified, and claimant herself admitted, that she had requested to leave early that day, but that her request had been denied. Claimant's contention that she had an agreement with the employer to leave early to care for her children presented a credibility question to be resolved by the Board (*see Matter of Lumbrazo [Environmental Remediation Servs., Inc.—Commissioner of Labor]*, 79 AD3d 1500, 1500 [2010]; *Matter of Young [Commissioner of Labor]*, 73 AD3d at 1318).

Peters, J.P., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.