■ In the Matter of the Claim of LUCY LOPEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [958 NYS2d 235]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 1, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Claimant was employed as a salesperson at a retail mattress store. In April 2011, a customer complained that her account had been charged for merchandise that she had not purchased. When the employer looked into the complaint, it determined that claimant had generated an invoice charging certain items to the customer's account, accused claimant of improperly signing the customer's name on the invoice, and terminated her employment. Following a hearing, an Administrative Law Judge confirmed claimant's initial award of benefits, rejecting the employer's objections. However, upon review, the Unemployment Insurance Appeal Board reversed, finding that the credible evidence established that claimant was discharged from her employment because she fraudulently signed a customer's name on an invoice, which constituted disqualifying misconduct. Denying any wrongdoing, claimant now appeals.

The employer introduced at the hearing two invoices from the same customer. According to the employer, the customer signed the first, but not the second. The two signatures are clearly dissimilar. The employer's invoices for purchases are generated through a computer printout, and the customer actually signs an electronic signature pad. Significantly, the customer was not produced as a witness at the hearing. Claimant consistently testified that the customer signed both invoices in her presence and denied that she signed the customer's signature on the disputed invoice. Claimant also introduced a written statement signed by the customer stating that her claim—that her balance was incorrect—was wrong and offering an apology. Notably, the employer provided no testimony to controvert the statement or any proof that it ever adjusted the disputed charge in favor of the customer.

On the record before us, the decision of the Board is not supported by substantial evidence. The employer's case, based primarily on hearsay, did not include sufficient evidence that any

wrongdoing actually occurred or provide any sustainable basis to discredit claimant's sworn testimony (*see Matter of Perry [Levine]*, 37 AD2d 367, 368 [1971]). Accordingly, the decision should be reversed and the matter remitted for further proceedings.

Spain, J.P., Stein, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.