Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 18, 2016, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant was a maintenance supervisor for the employer, a property management company, and was scheduled to work from 9:00 a.m. to 5:00 p.m. Monday through Friday. Claimant, who had developed serious health problems, sent her supervi *1460 sor an email in advance, advising that, on November 25, 2015, she would need to leave at 12:30 p.m. for a doctor’s appointment. On November 25, 2015, the day before Thanksgiving, the office was scheduled to close early at 2:00 p.m.; claimant left at 11:58 a.m., rather than 12:30 p.m., without notifying her supervisor. Claimant was thereafter advised that her employment was terminated for several reasons, including poor work performance, failing to call in her absence at least one hour before the start of her shift and leaving early without authorization on November 25, 2015. The Unemployment Insurance Appeal Board ultimately determined that claimant had not lost employment due to disqualifying misconduct and was entitled to unemployment insurance benefits. The employer appeals, and we affirm.
Substantial evidence supports the Board’s determination that the final incident that caused claimant’s discharge was her unauthorized early departure from work on November 25, 2015, and that this conduct did not rise to the level of disqualifying misconduct under the facts presented (see Matter of Muniz [Mitarotonda Servs., Inc.—Commissioner of Labor], 140 AD3d 1426, 1427-1428 [2016]; Matter of Waite [Town of Taghkank—Commissioner of Labor], 3 AD3d 766, 766-767 [2004]). While an unauthorized early departure from work may constitute disqualifying misconduct (see Matter of Williams [Commissioner of Labor], 102 AD3d 1051, 1052 [2013]; Matter of Watson [Mohawk Homestead—Commissioner of Labor], 84 AD3d 1672, 1672 [2011], lv denied 18 NY3d 811 [2012]; Matter of Pedigo [Townhouse Apts. at Lido Beach—Commissioner of Labor], 57 AD3d 1188, 1189 [2008]), “[w]hether a claimant’s actions [rose] to the level of disqualifying misconduct is a factual issue for the Board to resolve, and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct” (Matter of Muniz [Mitarotonda Servs., Inc.—Commissioner of Labor], 140 AD3d at 1427 [internal quotation marks and citations omitted]).
The record reflects that claimant, due to medical problems, had recently taken time off for doctors’ appointments and had provided notice that, among other time off, she would be leaving early on November 25, 2015 for such an appointment. She testified that she was unsure why she had departed 32 minutes early that day for her scheduled doctor’s appointment but that it could have been due to confusion with her other appointments. Although claimant had been warned previously about excessive absenteeism and failing to timely call in her absences, there was no evidence that she had previously departed work *1461 early without permission (cf. Matter of Williams [Commissioner of Labor], 102 AD3d at 1052; Matter of Young [Commissioner of Labor], 73 AD3d 1318, 1318 [2010]; Matter of Pedigo [Townhouse Apts. at Lido Beach—Commissioner of Labor], 57 AD3d at 1189; Matter of Spinel [Commissioner of Labor], 2 AD3d 1133, 1133 [2003]; Matter of Gorton [Genesee County Ch. NYSAJRC—Commissioner of Labor], 1 AD3d 682, 682 [2003]). While the record could also support a contrary conclusion, we find, under the circumstances here, that substantial evidence supports the Board’s decision that claimant’s conduct was an “isolated incident” that did not rise to the level of disqualifying misconduct (see Matter of Muniz [Mitarotonda Servs., Inc.—Commissioner of Labor], 140 AD3d at 1428; Matter of Waite [Town of Taghkank—Commissioner of Labor], 3 AD3d at 766-767).
McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ., concur.
Ordered that the decision is affirmed, without costs.