■ In the Matter of the Claim of BOB MATYJCZUK, Appellant. DELPHI AUTOMOTIVE SYSTEMS DIVISION OF GENERAL MOTORS CORPORATION, Respondent; COMMISSIONER OF LABOR, Respondent. [692 NYS2d 219] —Appeal from a decision of the

Unemployment Insurance Appeal Board, filed March 26, 1998, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Following claimant's conviction of the crime of driving while intoxicated, he was incarcerated from January 7, 1997 until September 5, 1997. Upon originally being informed of claimant's pending incarceration, the employer approved claimant's use of his accrued vacation time and then granted him a 90-day leave of absence which expired on May 5, 1997. However, the employer refused claimant's request for a second leave of absence and also chose not to have claimant return to work under an approved county work release program since he had previously participated in a work release program during claimant's prior incarceration. When claimant failed to report to work upon expiration of his leave of absence due to his continuing incarceration, the employer terminated his employment effective May 5, 1997. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the basis that he was terminated for misconduct.

We affirm. Although it is undisputed that claimant suffers from alcoholism, it has been established that "[a]lcoholism can excuse disqualifying misconduct [only] if there is substantial evidence to show that an employee is an alcoholic, that the alcoholism caused the behavior leading to the employee's discharge and that the employee was available for and capable of work" (*Matter of Snell [General Motors Corp.—Hudacs]*, 195 AD2d 746, 747; *see, Matter of Opoka [Sweeney]*, 232 AD2d 718, 719). Here, there is substantial evidence in the record to support the Board's ruling that claimant could not satisfy all of the foregoing criteria because his incarceration precluded him from being available for work (*see, Matter of Opoka [Sweeney]*, *supra*, at 719). Despite claimant's contention that he would have been available for work had the employer again afforded him the opportunity to participate in a work release program, the Board rationally concluded that the employer was not obligated to provide this accommodation a second time.

Mikoll, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.