■ In the Matter of the Claim of ULYSSES TURLEY JR., Appellant. AMERICAN AXLE & MANUFACTURING INC., Respondent; COMMISSIONER OF LABOR, Respondent. [744 NYS2d 775] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 29, 2001, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

As a result of his conviction of driving while intoxicated, claimant was incarcerated in January 2000 and unable to report to his job as a machinist until he was released in August 2000. While claimant was in jail, his employer granted him two leaves of absence, but refused to grant him extended leave beyond April 10, 2000. Consequently, claimant was terminated from his position. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits, ruling that he was disqualified from receiving benefits because his employment was terminated due to misconduct. After granting claimant's request for reconsideration, the Board adhered to its prior decision.

We affirm. This Court has held that a claimant's unavailability for employment due to incarceration for an alcohol-related offense constitutes misconduct disqualifying the claimant from receiving unemployment insurance benefits (*see, Matter of Matyjczuk [Delphi Automotive Sys. Div. of Gen. Motors Corp.—Commissioner of Labor]*, 262 AD2d 847, 848; *Matter of Opoka [Sweeney]*, 232 AD2d 718, 719). Inasmuch as it is undisputed that claimant was unable to report to work because of his incarceration, substantial evidence supports the Board's decision.

Mercure, J.P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.