■ In the Matter of the Claim of CHARLES E. CHAPMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 542]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 23, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant's employment as a maintenance technician was terminated after he was arrested for violating the terms of his probation and sentenced to six months in jail. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct. We affirm. We have held that unavailability for work due to incarceration can constitute disqualifying misconduct (*see Matter of Turley [American Axle & Mfg.—Commissioner of Labor]*, 296 AD2d 763, 764 [2002]; *Matter of Matyjczuk [Delphi Automotive Sys. Div. of Gen. Motors Corp.—Commissioner of Labor]*, 262 AD2d 847, 848 [1999]). Here, we find no reason to disturb the Board's decision given claimant's incarceration and probation restrictions which precluded him from reporting to work.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.