■ In the Matter of the Claim of ALPER BUYUKCEKMECE, Respondent. ABIGAIL KIRSCH AT TAPPAN, Appellant; COMMISSIONER OF LABOR, Respondent. [918 NYS2d 272]—

Claimant worked as a server for a catering company for about a year and a half. He was discharged from his position after he was continually late for his shift despite repeated warnings. He applied for unemployment insurance benefits and, following a hearing, an Administrative Law Judge ruled that he was disqualified from receiving them because his employment was terminated for misconduct. The Unemployment Insurance Appeal Board, however, concluded that claimant's tardiness was attributable to a medical condition and awarded claimant benefits. The employer appeals.

While an employee's failure to report to work on time, despite repeated warnings, has been held to constitute disqualifying misconduct (*see Matter of Cuccia [Martinez & Ritorto, P.C.—Commissioner of Labor]*, 55 AD3d 1115, 1116 [2008]; *Matter of Bianco [Commissioner of Labor]*, 53 AD3d 1002, 1003 [2008], *lv denied* 11 NY3d 711 [2008]), the "loss of employment attributable to symptoms of a recognized illness will not constitute disqualifying misconduct" (*Matter of Anumah [Commissioner of Labor]*, 60 AD3d 1216, 1217 [2009], *lv denied* 13 NY3d 706 [2009]; *see Matter of Finn [Commissioner of Labor]*, 307 AD2d 509, 510 [2003]). Resolution of such an issue is a factual determination for the Board, and its decision will be upheld as long as it is supported by substantial evidence (*see Matter of Green [Village of Hempstead—Commissioner of Labor]*, 80 AD3d 954, 955 [2011]; *Matter of Sunderland [Nassau County Med. Ctr.—Roberts]*, 121 AD2d 779, 780 [1986]).

Here, claimant testified that he suffers from a medical condition, known as obsessive compulsive disorder, that prevents him from performing routine tasks in an efficient manner and that this often resulted in him being late for work. Claimant submitted medical documentation confirming his diagnosis and testified that his employer was aware of the condition and its effect on his punctuality. Although the employer denied knowledge of the medical condition or that it was the cause of claimant's tardiness, this created a credibility issue for the Board to resolve (*see Matter of Armellino [Commissioner of Labor]*, 69 AD3d 1094, 1094 [2010]). As the Board's conclusion is supported by substantial evidence in the record, we affirm (*see Matter of Gonzalez [Phoenix Serv. Tech.—Hudacs]*, 183 AD2d 1026, 1027 [1992]).

Rose, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.