*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                519281
_____

In the Matter of the Claim of
     JENNIFER JENSEN,
                    Respondent.

VICTORY STATE BANK,                     MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  January 20, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Devine, JJ.

                    _____


     Law Offices of Steven M. Sack, New York City (Steven
Mitchell Sack of counsel), for appellant.

     Young Woo Lee, The Legal Aid Society, New York City, for
Jennifer Jenson, respondent.


                    _____


     Appeal from a decision of the Unemployment Insurance Appeal
Board, filed September 23, 2013, which ruled that claimant was
eligible to receive unemployment insurance benefits.

     Claimant, a customer service representative for a bank,
opened a checking account for a coworker, the assistant branch
manager, which claimant was authorized to use for buying and
selling items on eBay.  Although claimant maintained a savings
account at the bank, which was limited to six transactions a
month, the record establishes that claimant's checking account
had recently been closed at the behest of the bank, which
claimant felt was unwarranted.  Claimant mistakenly wrote a rent
check on the coworker's account and, when she realized the error,

she stopped payment on the check.  Claimant used the bank tellers when transacting business through the account, providing her own name and identifying information.  When the branch manager noticed the stop payment that claimant had placed on the check, claimant was terminated for opening and using an account in someone else's name and for performing maintenance on an account with which she was associated, in violation of the employer's policy.  The Unemployment Insurance Appeal Board, reversing a decision of the Administrative Law Judge, ruled that, although claimant exercised poor judgment, she did not engage in disqualifying misconduct for the purpose of unemployment insurance benefits.  This appeal by the employer ensued.

"Whether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve" (Matter of Okano [Bruno, Gerbino & Soriano, LLP-Commissioner of Labor], 114 AD3d 1128, 1128 [2014] [citations omitted]), and "not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (Matter of Morris [Lenox Hill Neighborhood House Inc.-Commissioner of Labor], 110 AD3d 1333, 1334 [2013] [internal quotation marks and citations omitted]).  Here, there is nothing in the record to refute claimant's testimony that she was authorized by the assistant branch manager to open and use the checking account.  Although the employer viewed this as dishonest, the record establishes that claimant funded the account, was not secretive about using it and no complaints about the use of the account were lodged by the assistant branch manager.  As for the violation of the employer's policy, the record does not substantiate that claimant was given a copy of the policy nor does the policy provide for an employee's discharge.  Furthermore, claimant testified that she would not jeopardize her employment of 13 years if she believed placing a stop payment on the erroneously written check violated the employer's policy.  Although the record could support a contrary conclusion, we find, under the circumstances herein, that substantial evidence supports the Board's decision and it will not be disturbed (see Matter of Kuryla [Finger Lakes Community Coll.-Commissioner of Labor], 45 AD3d 1129, 1130-1131 [2007]; Matter of Spencer [Bank of Smithtown-Commissioner of Labor], 244 AD2d 838, 838-839 [1997]).

Lahtinen, J.P., Garry, Egan Jr. and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court