*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                520732
_____

In the Matter of the Claim of
   JUSTIN R. SUCHOCKI,
                Respondent.

ST. JOSEPH'S R.C. CHURCH,                MEMORANDUM AND ORDER
                Appellant.

COMMISSIONER OF LABOR,
                Respondent.
_____

Calendar Date:  September 22, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

————————

     Hovey & Massaro, Niagara Falls (Angelo Massaro of counsel), for appellant.

     Wojtan, Vallone & Melin, PC, Cheektowaga (Thomas Wojtan of counsel), for Justin R. Suchocki, respondent.

————————

     Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 2014, which ruled that claimant was entitled to receive unemployment insurance benefits.

     Claimant was employed as a groundskeeper at a church-owned cemetery beginning in June 2010.  Due to his excessive absenteeism and tardiness over the course of the prior two months, claimant received a written warning on July 23, 2013 advising him that further such conduct would result in his termination.  After claimant failed to come to work on August 8, 2013, he was terminated.  His application for unemployment insurance benefits was initially denied on the ground that he was terminated for misconduct, and the denial was upheld by an

Administrative Law Judge (hereinafter ALJ) following a hearing. The Unemployment Insurance Appeal Board, however, reversed the ALJ's decision and ruled that claimant was entitled to receive benefits. The employer appeals.

While continued absenteeism, despite previous warnings, may rise to the level of misconduct disqualifying an employee from receiving unemployment insurance benefits (see Matter of Jaiyesimi [ISS Action Inc.—Commissioner of Labor], 114 AD3d 983, 983-984 [2014]; Matter of Berkeley [Commissioner of Labor], 94 AD3d 1328, 1328-1329 [2012]; Matter of Goodridge, 65 AD3d 1415, 1416 [2009]), "termination of employment attributable to symptoms of a diagnosed medical condition will not constitute disqualifying misconduct" (Matter of Donovan [Bay Orthopedic & Rehabilitation Supply Co.—Commissioner of Labor], 96 AD3d 1312, 1312 [2012]; see Matter of Buyukcekmece [Abigail Kirsch at Tappan—Commissioner of Labor], 82 AD3d 1400, 1400 [2011]; Matter of Anumah [Commissioner of Labor], 60 AD3d 1216, 1217 [2009], lv denied 13 NY3d 706 [2009]). Whether an absence is justified so as to remove it from disqualifying misconduct is a factual question for the Board to resolve, and its resolution of this issue will not be disturbed if supported by substantial evidence (see id.).

Here, claimant testified that he suffers from type 1 diabetes and that he experienced a diabetic episode, consisting of shakiness, nausea and headaches, that caused his absence on August 8, 2013. He submitted medical documentation confirming his diabetic condition and indicating that it is being treated but has been "difficult to control." Although the employer was aware that he was a diabetic, claimant admittedly failed to inform his superiors that he was experiencing health problems related to his diabetes or that this was the cause of his August 8, 2013 absence. The Board, as the final arbiter of factual issues and credibility, was free to credit claimant's testimony concerning the reason for his absence and was not bound by the contrary conclusion reached by the ALJ (see Matter of Lee [Cascades Tissue Group—Commissioner of Labor], 117 AD3d 1251, 1252 [2014]; Matter of Alegria [Commissioner of Labor], 107 AD3d 1290, 1291-1292 [2013]; Matter of Loeffler [Commissioner of Labor], 100 AD3d 1134, 1135 [2012]). Pursuant to our limited

review, "this Court may not weigh conflicting evidence or substitute its own judgment, and if, as here, the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the agency" (Matter of Saunders [Life Adj. Ctr., Inc.—Commissioner of Labor], 106 AD3d 1317, 1317 [2013] [internal quotation marks, brackets and citation omitted]).  Under these circumstances, substantial evidence supports the Board's determination that claimant's loss of employment was not due to disqualifying misconduct (see Matter of Donovan [Bay Orthopedic & Rehabilitation Supply Co.—Commissioner of Labor], 96 AD3d at 1312-1313; Matter of Buyukcekmece [Abigail Kirsch at Tappan—Commissioner of Labor], 82 AD3d at 1401), notwithstanding the existence of proof that would support a contrary conclusion.

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the decision is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court