# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 16, 2016                    521411
_____

In the Matter of the Claim of
    JUAN A. MUNIZ,
                    Respondent.

MITAROTONDA SERVICES, INC.,
    Doing Business as CHIEF              MEMORANDUM AND ORDER
    FIRE PREVENTION,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Lahtinen, J.P., Garry, Rose, Clark and Aarons, JJ.

_____

    Vigorito, Barker, Porter & Patterson, LLP, Valhalla (Kyle
J. Zrenda of counsel), for appellant.

    Legal Services NYC – Bronx (Anne Nacinovich of counsel),
for Juan A. Muniz, respondent.

_____

    Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 30, 2015, which ruled that claimant was
entitled to receive unemployment insurance benefits.

    Claimant worked for the employer for 10 years, most
recently as a supervisor of three workers responsible for
cleaning commercial kitchen exhaust systems.  Claimant was
responsible for correctly documenting on the employer's work
orders the crew's arrival and departure times and the work
performed.  On his June 4, 2014 overnight shift, claimant worked
as scheduled from 10:00 p.m. to 5:15 a.m., but incorrectly

documented the crew's actual arrival and departure times for one of the jobs, using the time scheduled for the work for that client rather than the actual time of arrival and departure. When the employer learned of this from the client, claimant's employment was terminated for falsifying the work order. While claimant's initial application for unemployment insurance benefits was denied on the ground that he lost his employment though misconduct, following a hearing, an Administrative Law Judge reversed, finding that while claimant had been previously warned about recording the actual times on the work orders, he was not adequately advised that his employment would be terminated if he made this mistake again. The Unemployment Insurance Appeal Board affirmed, and the employer appeals.

We affirm. "Whether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (Matter of Jensen [Victory State Bank—Commissioner of Labor], 126 AD3d 1207, 1207-1208 [2015] [internal quotation marks and citations omitted]). Here, claimant testified that when he completed the work order, he did not check the time on the clock and instead recorded the work time that had been scheduled for the job in question rather than documenting the actual arrival and departure times, which he knew was required. He acknowledged that he had been warned once in 2010 to use the actual times and of the consequences of failing to do so, including a reduction in salary, suspension or termination, but testified that he did not expect to be terminated for the next violation. Rather, claimant believed that the next violation would result in a suspension or a reduction in his salary, in accordance with his understanding of the employer's policy of progressive discipline. The employer testified that claimant was verbally warned several times; however, the timing of those warnings was not established. While the record could also support a contrary conclusion, we find, under the circumstances herein, that substantial evidence supports the Board's decision that claimant's conduct did not rise to the level of disqualifying misconduct and, thus, it will not be disturbed (see Matter of Suchocki [St. Joseph's R.C. Church—Commissioner of Labor], 132 AD3d 1222, 1224 [2015]; Matter of Jensen [Victory State Bank—Commissioner of Labor], 126 AD3d at

1208).

      Lahtinen, J.P., Garry, Rose, Clark and Aarons, JJ., concur.


      ORDERED that the decision is affirmed, without costs.




          ENTER:

Robert D. Mayberger
Clerk of the Court