*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016                    522780
_____

In the Matter of the Claim of
    MALGORZATA KACPERSKA-NIE,
                    Respondent.

DePAULA & CLARK, INC.,                         MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  September 20, 2016

Before:  Peters, P.J., McCarthy, Lynch, Mulvey and Aarons, JJ.

                    _____


        The Hoffinger Firm, PLLC, New York City (Fran Hoffinger of
counsel), for appellant.

        MFY Legal Services, Inc., New York City (David Urena of
counsel), for Malgorzata Kacperska-Nie, respondent.


                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed September 25, 2015, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        From May 2010 to September 2013, claimant, a bookkeeper,
worked for DePaula & Clark, Inc., an accounting firm, and was
responsible for, among other things, making payments on behalf of
the employer's clients from their bank accounts.  The employer
terminated claimant's employment on September 13, 2013 after she
had authorized four electronic wire transfers of money from the
bank accounts of two of the employer's clients in response to
fraudulent payment requests and invoices that she thought at the
time were legitimate.  Thereafter, claimant applied for

unemployment insurance benefits, and the Department of Labor issued an initial determination finding claimant eligible to receive benefits. The Unemployment Insurance Appeal Board upheld that determination, finding that claimant was entitled to receive benefits because claimant's handling of the at-issue fraudulent transactions did not rise to the level of misconduct. The employer now appeals.

We affirm. "Whether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (Matter of Muniz [Mitarotonda Servs., Inc.– Commissioner of Labor], 140 AD3d 1426, 1427 [2016] [internal quotation marks and citations omitted]). "Pursuant to our limited review, this Court may not weigh conflicting evidence or substitute its own judgment, and if, as here, the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the agency" (Matter of Suchocki [St. Joseph's R.C. Church–Commissioner of Labor], 132 AD3d 1222, 1223 [2015] [internal quotation marks and citations omitted]).

The employer contends that claimant was complicit in the wire transfers and failed to recognize the obviously fraudulent nature of the electronic payment requests and invoices that she received from those individuals responsible for the fraud. Claimant explained in her testimony, however, that at first she did not notice anything unusual about the emails that she received or the attached invoices and that she used the clients' regular email addresses to confirm whether to pay the invoices. When claimant received the third fraudulent payment request, she emailed the employer's president to inquire about this request, after which she received an email in response purportedly from the president authorizing the wire transfer. Claimant explained that she did not realize at that time that this responsive email was fraudulent and sent by the individuals perpetuating the fraud. Claimant also showed another invoice to the president prior to issuing an electronic payment in response to a payment request that she did not know was fraudulent. In addition, after the fraudulent email scam was discovered and it was learned that claimant's email account was compromised, she assisted with the

employer's investigation of this incident.  Inasmuch as the Board is the final arbiter of factual issues and credibility, it was entitled to credit claimant's testimony that she was deceived by the scam and unaware of the fraudulent nature of the payment and invoice requests (see Matter of Suchocki [St. Joseph's R.C. Church–Commissioner of Labor], 132 AD3d at 1223; Matter of Lee [Cascades Tissue Group–Commissioner of Labor], 117 AD3d 1251, 1252 [2014]).  Accordingly, while the record evidence could also support a contrary conclusion, we find, under the circumstances herein, that substantial evidence supports the Board's decision that claimant's conduct did not rise to the level of disqualifying misconduct and, thus, it will not be disturbed (see Matter of Muniz [Mitarotonda Servs., Inc.–Commissioner of Labor], 140 AD3d at 1427-1428; Matter of Jensen [Victory State Bank–Commissioner of Labor], 126 AD3d 1207, 1208 [2015]).

Peters, P.J., McCarthy, Lynch, Mulvey and Aarons, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court