■ In the Matter of the Claim of MICHAEL HUMPHREYS, Respondent. CAYUGA NATION OF INDIANS, Appellant; COMMISSIONER OF LABOR, Respondent. [59 NYS3d 616]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 2016, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a security guard for seven months. His employment was terminated after a coworker informed management that claimant made the statement that "if people mess with him, mess with his money, he would cut them." Claimant's application for unemployment insurance benefits was denied on the ground that his employment ended due to misconduct. Following a hearing, an Administrative Law Judge overruled this decision, finding claimant eligible to receive benefits, and the Unemployment Insurance Appeal Board affirmed. The employer now appeals.

We affirm. "Whether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (*Matter of Jensen [Victory State Bank—Commissioner of Labor]*, 126 AD3d 1207, 1207-1208 [2015] [internal quotation marks and citations omitted]; *accord Matter of Muniz [Mitarotonda Servs., Inc.—Commissioner of Labor]*, 140 AD3d 1426, 1427 [2016]). "Pursuant to our limited review, this Court may not weigh conflicting evidence or substitute its own judgment, and if, as here, the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the agency" (*Matter of Suchocki [St. Joseph's R.C. Church—Commissioner of Labor]*, 132 AD3d 1222, 1224 [2015] [internal quotation marks and citations omitted]; *accord Matter of Kacperska-Nie [DePaula & Clark, Inc.—Commissioner of Labor]*, 144 AD3d 1303, 1304 [2016]).

Here, the security guard, to whom claimant made the statement regarding cutting people, testified that he felt that the statement was a work-related threat because claimant was always worried about losing his job or having his hours cut. While there was evidence presented that claimant had also

previously made disparaging remarks about female coworkers, the employer's security manager testified that claimant's employment was terminated solely because his statement regarding cutting people violated the employer's rules prohibiting workplace harassment and fighting, and not for any other conduct. The Board, however, credited claimant's testimony that the statement he made was not work-related or intended as a threat against any of his coworkers, but instead referred to a personal issue regarding individuals who had recently harassed his family. Inasmuch as the Board is the final arbiter of factual and credibility issues, its determination that claimant's statement, although inappropriate, did not create a hostile work environment and did not rise to the level of disqualifying misconduct is supported by substantial evidence and it will not be disturbed, even though there is evidence in the record that could support a contrary conclusion (*see Matter of Kacperska-Nie [DePaula & Clark, Inc.—Commissioner of Labor]*, 144 AD3d at 1305; *Matter of Lee [Cascades Tissue Group—Commissioner of Labor]*, 117 AD3d 1251, 1252 [2014]).

McCarthy, J.P., Rose, Clark, Aarons and Pritzker, JJ., concur. Ordered that the decision is affirmed, without costs.