Matter of Stack (City of Glens Falls--Commissioner of Labor) (2018 NY Slip Op 06840)





Matter of Stack (City of Glens Falls--Commissioner of Labor)


2018 NY Slip Op 06840


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

525719

[*1]In the Matter of the Claim of LAUREN STACK, Respondent.
and
CITY OF GLENS FALLS, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Law Office of Newell, Klingebiel & Rehm, Glens Falls (Ronald L. Newell of counsel), for appellant.
David E. Woodin, Catskill, for Lauren Stack, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed June 13, 2017, which ruled that claimant was entitled to receive unemployment insurance benefits, and (2) from a decision of said Board, filed September 28, 2017, which denied a request by the City of Glens Falls for reopening and/or reconsideration.
Claimant was employed as the Sole Assessor of the City of Glens Falls for approximately seven years. Her duties entailed inspecting and valuing properties within the City for the purpose of formulating real property tax assessments. In 2016, she pleaded guilty to crimes arising from two separate off-duty incidents of driving while under the influence of alcohol, and her driver's license was suspended for 90 days. As a result, disciplinary charges were brought against her and a hearing was conducted to determine if she should be removed from her position. At its conclusion, the Hearing Officer, who was a City employee appointed by the Mayor to conduct the hearing, recommended that claimant be terminated. His recommendation was adopted by the City's Common Council.
Claimant filed an application for unemployment insurance benefits that was initially denied on the ground that, among others, she engaged in disqualifying misconduct. Claimant appealed and, following a hearing, an Administrative Law Judge (hereinafter ALJ) overruled the initial determinations and found that claimant was entitled to receive benefits. The Unemployment Insurance Appeal Board upheld the ALJ's decision, and the City now appeals.[FN1]
The City first contends that the disciplinary determination recommended by the Hearing Officer and adopted by the City Common Council, which terminated claimant's employment due to misconduct, should have been given collateral estoppel effect. Assuming without deciding that the City is correct, however, the Board correctly observed that any preclusive effect would be limited to the Hearing Officer's factual findings and would not be determinative of whether claimant engaged in disqualifying misconduct for the purpose of receiving unemployment insurance benefits (see e.g. Matter of Mykhaskiv [Westhampton Beach Union Free Sch. Dist.-Commissioner of Labor], 140 AD3d 1567, 1567-1568 [2016]; Matter of Hopton [Commissioner of Labor], 136 AD3d 1098, 1099 [2016]). The disciplinary determination was founded, in part, upon claimant's two convictions for driving while under the influence of alcohol and her resulting license suspension. Whether this amounted to disqualifying misconduct posed a factual question for the Board, "and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (Matter of Humphreys [Cayuga Nation of Indians-Commissioner of Labor], 153 AD3d 1017, 1017 [2017] [internal quotation marks and citations omitted]; see Matter of Jelic [AMA Research Labs. Inc.-Commissioner of Labor], 158 AD3d 866, 867 [2018]; Matter of Reyes [Commissioner of Labor], 153 AD3d 1551, 1552 [2017]).
The drunk driving incidents did not occur while claimant was working. Notably, possession of a valid driver's license was not listed among the qualifications necessary to hold the position of Sole Assessor and claimant testified that she was not advised that this was a requirement (compare Matter of Lytle [United States Postal Serv.-Commissioner of Labor], 257 AD2d 779, 780 [1999]). Claimant was not incarcerated as a result of her convictions and she testified that she was ready and able to fulfill her job duties notwithstanding the suspension of her driver's license (compare Matter of Turley [American Axle & Mfg.-Commissioner of Labor], 296 AD2d 763, 764 [2002]; Matter of Allen [Commissioner of Labor], 288 AD2d 686, 687 [2001]). Moreover, while claimant acknowledged that she occasionally did site visits, she testified that she could perform her duties while her license was temporarily suspended given that much of the data needed to compute the assessments had already been compiled and she could obtain a lot of the information online. The Board was free to, and did, credit such testimony over the contrary testimony of the City's witnesses (see Matter of Cohen [New York City Dept. of Citywide Admin. Servs.-Commissioner of Labor], 152 AD3d 1091, 1093 [2017]; Matter of Kacperska-Nie [DePaula & Clark, Inc.-Commissioner of Labor], 144 AD3d 1303, 1305 [2016]). Accordingly, substantial evidence supports the Board's finding that claimant had not committed disqualifying misconduct and was entitled to receive benefits. We have considered the City's remaining claims, to the extent that they are properly before us, and find them to be unavailing.
Garry, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: The City also made a request for reopening and/or reconsideration of the Board's decision, which was denied. The City appealed from that decision, but has not raised any arguments in its brief and has abandoned any claims with respect thereto (see Matter of Maldonado [Commissioner of Labor], 150 AD3d 1512, 1512 n [2017]).