Matter of Hasan (Apogee NY Trucking LLC--Commissioner of Labor) (2019 NY Slip Op 01874)





Matter of Hasan (Apogee NY Trucking LLC--Commissioner of Labor)


2019 NY Slip Op 01874


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526901

[*1]In the Matter of the Cliam of SHAKIR E. HASAN, Respondent. APOGEE NY TRUCKING LLC, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: February 8, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Farley & Kessler, PC, Jericho (Cary David Kessler of counsel), for appellant.
Catherine A. Barber, Guilderland, for Shakir E. Hasan, respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 15, 2017, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a truck driver for a trucking company for nearly three years. As he was returning his truck to the yard following a delivery, he was stopped by the employer's director of security, who asked claimant for access to the truck so that he could conduct a routine inspection. Claimant, who did not know the director and was unsure if he had authorization to conduct the inspection, refused and told the director to contact claimant's supervisor. After the director did so, claimant unlocked the truck and left the area, allowing the inspection to proceed in the presence of an assistant manager. Following this incident, the employer terminated claimant's employment. Claimant applied for and was granted unemployment insurance benefits. Although the employer objected, the determination was later upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board subsequently affirmed the Administrative Law Judge's decision, and this appeal by the employer ensued.
The employer contends that claimant engaged in misconduct disqualifying him from receiving unemployment insurance benefits by violating its policy governing truck inspections. Initially, we note that "[w]hether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (Matter of Jensen [Victory State Bank-Commissioner of Labor], 126 AD3d 1207, 1207-1208 [2015] [internal quotation marks and citations omitted]; see Matter of Jelic [AMA Research Labs. Inc.-Commissioner of Labor], 158 AD3d 866, 867 [2018]; Matter of Kacperska-Nie [DePaula & Clark, Inc.-Commissioner of Labor], 144 AD3d 1303, 1304 [2016]). Furthermore, where the Board's findings turn on the credibility of witnesses, this Court may not weigh conflicting evidence or substitute its judgment for that of the Board (see Matter of Humphreys [Cayuga Nation of Indians-Commissioner of [*2]Labor], 153 AD3d 1017, 1017 [2017]; Matter of Kacperska-Nie [DePaula & Clark, Inc.-Commissioner of Labor], 144 AD3d at 1304).
Claimant was charged with violating the employer's policy requiring drivers to submit to inspections of their trucks after the completion of deliveries and to cooperate with the individuals performing those inspections. Although claimant's supervisor testified that claimant did not cooperate with the inspection, his testimony was based upon a statement provided by the director, who did not testify at the hearing. Notably, claimant contested the truth of the director's statement, and his supervisor did not speak to claimant while the incident was ongoing. Furthermore, claimant explained that the reason he initially refused the inspection was because he was not sure of the director's identity or his authorization to conduct the inspection. He stated that, once the director spoke with claimant's supervisor, he allowed the inspection to proceed. Under these circumstances, the Board was entitled to credit claimant's testimony and conclude that his behavior did not rise to the level of disqualifying misconduct. Therefore, we find that substantial evidence supports the Board's decision and decline to disturb it (see Matter of Jensen [Victory State Bank-Commissioner of Labor], 126 AD3d at 1208; Matter of Mejia [Metropolitan Cable Communications Inc.-Commissioner of Labor], 125 AD3d 1042, 1042-1043 [2015]).
Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.