Matter of Garcia (Museum of Modern Art Corp.--Commissioner of Labor) (2019 NY Slip Op 02939)





Matter of Garcia (Museum of Modern Art Corp.--Commissioner of Labor)


2019 NY Slip Op 02939


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

527258

[*1]YESENIA F. GARCIA, Respondent. MUSEUM OF MODERN ART CORPORATION, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: March 15, 2019

Before: Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Proskauer Rose LLP, New York City (Howard Z. Robbins of counsel), for appellant.
Teresa C. Mulliken, Harpersfield, for Yesenia F. Garcia, respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 10, 2017, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant's employment was terminated for being disruptive at a weekly staff meeting. Claimant's application for unemployment insurance benefits was initially denied by the Department of Labor on the ground that her employment was terminated for misconduct, and this determination was upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, reversed this decision and found that claimant was entitled to receive benefits. The employer appeals.
"Whether a claimant's behavior has risen to the level of disqualifying misconduct is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Alegria [Commissioner of Labor], 107 AD3d 1290, 1291 [2013] [internal quotation marks, brackets and citations omitted]; accord Matter of Gallman [Baptist Health Enriched Hous. Program, Inc.-Commissioner of Labor], 138 AD3d 1296, 1296 [2016]). Here, the record reflects that claimant was terminated for singing during a staff meeting held in a breakroom while she was in the room having lunch. In finding that claimant had not committed disqualifying misconduct, the Board, "in its capacity as the final arbiter of factual matters involving questions of credibility" (Matter of Lee [Cascades Tissue Group-Commissioner of Labor], 117 AD3d 1251, 1252 [2014] [internal quotation marks and citation omitted]; see Matter of Suchocki [St. Joseph's R.C. Church-Commissioner of Labor], 132 AD3d 1222, 1223-1224 [2015]), credited claimant's testimony that she had her back to the meeting while listening to music on headphones and was unaware that she was disturbing the meeting until a supervisor approached her and told her to stop, at which point she removed her headphones and remained quiet. "Pursuant to our limited review, this Court may not weigh conflicting evidence or substitute its own judgment, and if, as here, the findings turn on the credibility of witnesses, we [*2]may not substitute our perceptions for those of the agency" (Matter of Suchocki [St. Joseph's R.C. Church-Commissioner of Labor], 132 AD3d at 1224 [internal quotation marks and citations omitted]; accord Matter of Humphreys [Cayuga Nation of Indians-Commissioner of Labor], 153 AD3d 1017, 1017 [2017]). Under these circumstances, we will not disturb the Board's decision that claimant's actions did not constitute disqualifying misconduct, notwithstanding evidence in the record that could support a contrary conclusion (see Matter of Humphreys [Cayuga Nation of Indians-Commissioner of Labor], 153 AD3d at 1018; Matter of Kacperska-Nie [DePaula & Clark, Inc.-Commissioner of Labor], 144 AD3d 1303, 1305 [2016]).
Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.