Matter of Hall (Floating Hosp., Inc.--Commissioner of Labor) (2019 NY Slip Op 07127)





Matter of Hall (Floating Hosp., Inc.--Commissioner of Labor)


2019 NY Slip Op 07127


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

527807

[*1]In the Matter of the Claim of Elaine C. Hall, Respondent; The Floating Hospital, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Epstein Becker & Green, PC, New York City (Jeffrey H. Ruzal of counsel), for appellant.
John Ferrara, Monticello, for Elaine C. Hall, respondent.



Lynch, J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 18, 2018, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant, a licensed psychologist, was terminated from her position in April 2017 based upon alleged inconsistencies in her billing practices, and her subsequent application for unemployment insurance benefits was denied upon the ground that she engaged in disqualifying misconduct. At the conclusion of the hearings that followed, an Administrative Law Judge upheld the initial disqualification, finding that claimant incorrectly billed for patient services rendered on certain dates in 2017 and that such actions rose to the level of disqualifying misconduct. Upon claimant's administrative appeal, the Unemployment Insurance Appeal Board reversed, found that claimant had not in fact tendered incorrect billing records for the dates in issue and, accordingly, ruled that she was entitled to receive unemployment insurance benefits. This appeal by the employer ensued.
We affirm. "[W]hether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (Matter of Hasan [Apogee NY Trucking LLC-Commissioner of Labor], 170 AD3d 1360, 1361 [2019] [internal quotation marks and citations omitted]; accord Matter of Jelic [AMA Research Labs. Inc.-Commissioner of Labor], 158 AD3d 866, 867 [2018]; see Matter of Salcedo [E.H. Mfg. Inc.-Commissioner of Labor], 171 AD3d 1437, 1438 [2019], lv denied ___ NY3d ___ [Sept. 10, 2019]; Matter of Stack [City of Glens Falls-Commissioner of Labor], 165 AD3d 1362, 1364 [2018]). Where, as here, "the Board's findings turn on the credibility of witnesses, this Court may not weigh conflicting evidence or substitute its judgment for that of the Board" (Matter of Hasan [Apogee NY Trucking LLC-Commissioner of Labor], 170 AD3d at 1361; see Matter of Garcia [Museum of Modern Art Corp.-Commissioner of Labor], 171 AD3d 1384, 1385 [2019]; Matter of Suchocki [St. Joseph's R.C. Church-Commissioner of Labor], 132 AD3d 1222, 1224 [2015]).
The hearing testimony established that, in order to bill for a 30-minute session with a patient, claimant had to spend more than 16 minutes with the patient; in order to bill for a 45-minute session, claimant had to spend more than 38 minutes with the patient. If an individual presented for a screening session, claimant was required to spend a minimum of 15 minutes with that individual in order to bill for a 30-minute session. According to the employer's witnesses, patients complained that claimant was not spending enough time with them; in response, the employer decided to observe patients entering and leaving claimant's counseling sessions and to create a log documenting those observations. The discrepancies that allegedly resulted between the employer's observations and claimant's billing records gave rise to claimant's termination and the subsequent finding that she had engaged in disqualifying misconduct.
On March 15, 2017, claimant had a session with a family of four and billed for four, 30-minute counseling sessions, which would have required her to spend a minimum of 64 minutes with the family. Claimant's records revealed that this counseling session began at 12:37 p.m. and ended at 1:48 p.m. (totaling 71 minutes), but the employer's witnesses testified that this session began at 1:08 p.m. and ended at 1:50 p.m. (totaling only 42 minutes). Claimant explained, however, that the family briefly exited during the course of the session in order for one of the children to use the restroom. The Board credited claimant's testimony and progress notes in this regard, finding that the contrary testimony offered by the employer's witness who observed this family's comings and goings was inconclusive as to whether the witness's observations of the family at 1:08 p.m. reflected the start or the resumption of the counseling session.
With respect to March 17, 2017, claimant had a session scheduled with a mother and one of her children, but the mother arrived with two additional children who did not have an appointment. Claimant instructed her assistant to inquire about adding those children to the schedule and began the counseling session, which claimant testified ran from 12:40 p.m. to 2:30 p.m. (totaling 110 minutes). According to claimant, she spent 37 minutes each with the mother and the child for whom an appointment had been scheduled — prompting her to bill for two, 45-minute sessions — and 16 minutes and 17 minutes, respectively, with the two remaining children who were added to the session — generating billings for two, 30-minute sessions.[FN1] Although the employer's witnesses testified that this session began at 1:15 p.m. and ended at 2:26 p.m. (totaling 71 minutes), claimant explained that the mother and two of the children briefly left after the counseling session began in order to register the two children for whom no appointment originally had been scheduled; upon their return, claimant completed the sessions for those two children. Again, the Board credited claimant's explanation over the log entries and testimonial evidence offered by the employer as to when this particular family was seen entering and exiting claimant's office. Although the Board acknowledged that claimant indeed was misinformed as to the minimum time required in order to bill for a 45-minute counseling session, it found that the one-minute discrepancy between the time that claimant should have spent with the subject patients (38 minutes each) and the time that claimant actually spent with such patients (37 minutes each) amounted to an error in claimant's work performance that, in turn, did not rise to the level of disqualifying misconduct. In short, the Board elected to credit claimant's testimony and records and, as credibility determinations are the exclusive province of the Board (see Matter of Garcia [Museum of Modern Art Corp.-Commissioner of Labor], 171 AD3d at 1384; Matter of Suchocki [St. Joseph's R.C. Church-Commissioner of Labor], 132 AD3d at 1223), we find that its decision that claimant is entitled to unemployment insurance benefits is supported by substantial evidence — even though the record contains proof that could support a contrary conclusion (see e.g. Matter of Humphreys [Cayuga Nation of Indians-Commissioner of Labor], 153 AD3d 1017, 1018 [2017]; Matter of Kacperska-Nie [DePaula & Clark, Inc.-Commissioner of Labor], 144 AD3d 1303, 1305 [2016]). The employer's remaining arguments, to the extent not addressed, have been examined and found to be lacking in merit.
Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although claimant apparently billed for two mental health sessions for these two children instead of two screening sessions, the employer's witnesses testified that there was no difference in the time requirements for such services.