Matter of Rodriguez (Ollie's Bargain Outlet, Inc.--Commissioner of Labor) (2020 NY Slip Op 03701)





Matter of Rodriguez (Ollie's Bargain Outlet, Inc.--Commissioner of Labor)


2020 NY Slip Op 03701


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

528088

[*1]In the Matter of the Claim of Emma Rodriguez, Respondent. Ollie's Bargain Outlet, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Michael J. Murphy of counsel), for appellant.
Teresa C. Mulliken, Harpersfield, for Emma Rodriguez, respondent.



Garry, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 2018, which ruled that claimant was entitled to receive unemployment insurance benefits.
In September 2016, claimant began working full time as a sales supervisor at a retail store. She failed to report to work on a number of occasions in May and June 2017. The employer concluded that she had abandoned her job and terminated her employment, effective June 2, 2017. Claimant applied for unemployment insurance benefits and the employer sought a determination with respect to claimant's eligibility. On July 19, 2017, the Department of Labor issued an initial determination finding that claimant was eligible to receive benefits because her absences were due to medical reasons. The employer objected, requested a hearing before an Administrative Law Judge (hereinafter ALJ) and a case file was opened (hereinafter the initial case). The employer appeared with counsel and requested to be served with all notices and related papers in this initial case.
At around the same time of the initial determination in the initial case, above, the Department issued another initial determination finding that claimant was ineligible to receive benefits because she was not available for employment. Claimant requested a hearing before an ALJ and another case file was opened (hereinafter claimant's case). The ALJ conducted the hearing in October 2017, with only claimant and a Spanish interpreter in attendance. On October 25, 2017, the ALJ issued a decision finding that claimant had limited her availability to part-time work and was not eligible to receive benefits. The employer thereafter advised in writing that this decision in claimant's case was dispositive of her entitlement to benefits, and withdrew its appeal of the determination in the initial case. The ALJ granted the employer's request.
Claimant subsequently appealed the ALJ's decision in claimant's case to the Unemployment Insurance Appeal Board. On March 19, 2018, the Board issued a decision overruling the ALJ and found that claimant was entitled to receive benefits. The employer appeals.
Initially, the employer contends that the Board failed to comply with its own regulations governing appeals (see 12 NYCRR 461.3 [b]; 463.1 [f]) as it was not notified of the appeal in claimant's case. However, the employer only appeared in the initial case and did not request to be served with notice or copies of any papers in claimant's case, nor did it appear at the hearing in that case. As the employer was not a party in claimant's case, we find no merit to its assertion that the Board failed to comply with its own regulations governing notice.
Contrary to the employer's claim, we find that the Board's decision is supported by substantial evidence. As noted by the Board, the record does not indicate that claimant received a Spanish language handbook or other instruction regarding the requirements that she needed to satisfy with respect to her job search after she was terminated. Moreover, there is evidence that, after the initial determination was issued in claimant's case, she looked for a full-time job, thereby making her available for work for purposes of being eligible for benefits. The Board is "the final arbiter of factual issues and credibility" and was not bound by the contrary findings of the ALJ (Matter of Suchocki [St. Joseph's R.C. Church-Commissioner of Labor], 132 AD3d 1222, 1223 [2015]; see Matter of Alegria [Commissioner of Labor], 107 AD3d 1290, 1291-1292 [2013]). Accordingly, we decline to disturb the Board's decision.
Egan Jr., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.