Matter of Sanna (Island Props. & Assoc., LLC--Commissioner of Labor) (2022 NY Slip Op 00914)





Matter of Sanna (Island Props. & Assoc., LLC--Commissioner of Labor)


2022 NY Slip Op 00914


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

530925
[*1]In the Matter of the Claim of Richard Sanna, Respondent. Island Properties & Associates, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

McKinley Law PC, Lloyd Harbor (Shannon Cody McKinley of counsel), for appellant.
Salvatore C. Adamo, Albany, for Richard Sanna, respondent.



Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 17, 2020, which ruled, among other things, that claimant was entitled to receive unemployment insurance benefits.
Claimant, a legal assistant for a real estate management company, took time off to fly to North Carolina to visit his grown children and was expected to return to the office on April 22, 2019. While visiting in North Carolina, claimant's leg became swollen, which required that his son drive him home. Claimant attempted to inform the employer on April 22, 2019 via email that he would not be coming to work that day; however, claimant sent the email to the wrong domain name and, therefore, it was not received by the employer. On April 23 and 24, 2019, claimant texted the employer, explaining that his leg was swollen, that he had taken medication that effected his cognitive ability and that he would update the employer on his diagnosis. Later, on April 24, 2019, the employer texted claimant asking for an update on his medical appointments and status regarding his return to work. No response was received from claimant. On April 29, 2019, the employer sent a certified letter to claimant informing him that his unexplained and unauthorized absence constituted abandonment of his employment.
The Department of Labor issued an initial determination finding claimant eligible to receive unemployment insurance benefits. Following a hearing, which claimant did not attend, an Administrative Law Judge (hereinafter ALJ) overruled the initial determination and found that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.[FN1] Thereafter, the ALJ granted claimant's application to reopen and, among other things, again found that claimant was disqualified from receiving unemployment insurance benefits. The Unemployment Insurance Appeal Board, by decision filed January 17, 2020, reversed and, among other things, found that claimant had a compelling medical reason for his absence and his failure to maintain contact with the employer and, therefore, he was entitled to unemployment insurance benefits. The employer appeals.
We affirm. "Whether an absence is justified so as to remove it from disqualifying misconduct is a factual question for the Board to resolve, and its resolution of this issue will not be disturbed if supported by substantial evidence" (Matter of Suchocki [Saint Joseph's R.C. Church-Commissioner of Labor], 132 AD3d 1222, 1223 [2015] [citation omitted]). The record reflects that claimant, who had no prior warnings regarding attendance, informed the employer, on April 23 and 24, 2019, that he had both medical problems with his leg and cognitive difficulties due to the medication he was taking. Claimant provided corroborative evidence of the medical treatment he received on April 23, 2019, as well as medical documentation of his prior adverse reaction to prescription medication [*2]a month earlier that caused severe confusion, which claimant had disclosed to the employer. In finding that claimant had not engaged in disqualifying misconduct, the Board credited claimant's testimony that he was unable to recall his birthdate, had difficulty communicating and was disoriented on and after April 22, 2019.
"Pursuant to our limited review, this Court may not weigh conflicting evidence or substitute its own judgment, and if, as here, the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the [Board]" (Matter of Garcia [Museum of Modern Art Corp.-Commissioner of Labor], 171 AD3d 1384, 1385 [2019] [internal quotation marks and citations omitted]; see Matter of Hall [Floating Hosp., Inc.-Commissioner of Labor], 176 AD3d 1288, 1289 [2019]). Under these circumstances, the Board's decision that claimant's unexcused absence from work due to a compelling medical reason did not disqualify him from receiving unemployment insurance benefits will not be disturbed, notwithstanding that evidence in the record could support a contrary conclusion (see Matter of Suchocki [Saint Joseph's R.C. Church-Commissioner of Labor], 132 AD3d at 1223; Matter of Donovan [Bay Orthopedic & Rehabilitation Supply Co.-Commissioner of Labor], 96 AD3d 1312, 1313 [2012]; Matter of Buyukcekmece [Abigail Kirsch at Tappan-Commissioner of Labor], 82 AD3d 1400, 1401 [2011]). The employer's remaining contentions, including that the ALJ abused its discretion in granting claimant's request to reopening the matter following claimant's initial default, have been examined and found to be without merit.
Egan Jr., J.P., Clark and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: As a result of the ALJ's decision, claimant was also assessed a recoverable overpayment of benefits and a civil monetary penalty, as well as a reduction of his right to future benefits of eight days imposed.