Matter of Kramer (RTTemps, LLC--Commissioner of Labor) (2022 NY Slip Op 00916)





Matter of Kramer (RTTemps, LLC--Commissioner of Labor)


2022 NY Slip Op 00916


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

531748
[*1]In the Matter of the Claim of Russell Kramer, Respondent. RTTEmps, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Law Office of Thomas V. Purpi, PC, New York City (Thomas V. Purpi of counsel), for appellant.
David E. Woodin, Catskill, for Russell Kramer, respondent.



Colangelo, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 21, 2019, which ruled, among other things, that claimant was entitled to receive unemployment insurance benefits.
Claimant was employed as a medical lab technician by the employer, a medical staffing agency. In August 2018, claimant was assigned by the employer to work at a hospital in Illinois when a fellow lab technician reported to her supervisor that claimant had acted in an aggressive and threatening manner toward her. The hospital administration sent an email to the employer advising that the hospital was ending claimant's contract to work there, citing the incident and ongoing issues regarding claimant's behavior. The employer terminated claimant's employment and claimant applied for unemployment insurance benefits.[FN1] The application was initially denied on the ground that he was ineligible for benefits because he lost his employment due to disqualifying misconduct, he was assessed various overpayments and his right to receive future benefits was reduced by eight days for making a willful misrepresentation in order to collect benefits. Following a hearing, an Administrative Law Judge reversed the determination regarding misconduct and ruled that claimant was eligible for benefits but sustained the reduction of claimant's right to collect future benefits due to his willful misrepresentation to obtain benefits. The Unemployment Insurance Appeal Board affirmed this decision, with a reduction of the penalty on claimant's right to collect future benefits from eight days to four days. The employer appeals.
We affirm. "Whether a claimant's behavior has risen to the level of disqualifying misconduct is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Salcedo [E.H. Mfg. Inc.-Commissioner of Labor], 171 AD3d 1437, 1438 [2019] [internal quotation marks, brackets and citations omitted], lv denied 33 NY3d 913 [2019]; see Matter of Garcia [Museum of Modern Art Corp.-Commissioner of Labor], 171 AD3d 1384, 1385 [2019]). The record reflects that the employer received an email from the human resources department of the hospital stating that the hospital was ending claimant's contract because he had threatened a hospital employee. The employer's witnesses testified that they did not investigate the incident outlined in the email or speak to anyone associated with the hospital regarding the incident prior to terminating claimant. In finding that claimant had not committed disqualifying misconduct, the Board noted that the employer had offered claimant another job a few months after terminating him and credited claimant's testimony that, although he was upset because the hospital employee was leaving early on the day of the alleged incident, he did not threaten her.
"Pursuant to our limited review, this Court may not weigh conflicting evidence or substitute its own judgment, and if, [*2]as here, the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the agency" (Matter of Suchocki [St. Joseph's R.C. Church-Commissioner of Labor], 132 AD3d 1222, 1224 [2015] [internal quotation marks and citations omitted]; see Matter of Hall [Floating Hosp., Inc.-Commissioner of Labor], 176 AD3d 1288, 1289 [2019]; Matter of Garcia [Museum of Modern Art Corp.-Commissioner of Labor], 171 AD3d at 1385). Accordingly, we will not disturb the Board's decision that claimant's actions did not constitute disqualifying misconduct, notwithstanding record evidence that could support a contrary conclusion (see Matter of Hall [Floating Hosp., Inc.-Commissioner of Labor], 176 AD3d at 1290-1291; Matter of Humphreys [Cayuga Nation of Indians-Commissioner of Labor], 153 AD3d 1017, 1018 [2017]).
Finally, the employer was advised in the notice of hearing to "produce witness(es) with firsthand knowledge of the incident causing the employment to end." Despite this admonition, the employer did not produce such witnesses at the hearing, and, under these circumstances, we cannot say that the Board abused its discretion in denying the employer's request for a new hearing for that purpose (see 12 NYCRR 463.1 [f] [2]; Matter of Miller [Commissioner of Labor], 9 AD3d 567, 568 [2004]).
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The employer had previously issued claimant a written warning regarding an incident that occurred after work hours at a Walmart where he allegedly harassed a store employee. The admonishment stated that any misconduct will be grounds for immediate dismissal and that claimant must refrain from any conduct that would cause him to be a distraction to the hospital in order to keep working there. The admonishment also included references to his exchanges with hospital personnel and indicated that some hospital employees had found his personality "rude."