# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 14, 2016          521657
_____

In the Matter of the Claim of
   CORETHA D. GALLMAN,
                  Respondent.

BAPTIST HEALTH ENRICHED
   HOUSING PROGRAM, INC.,          MEMORANDUM AND ORDER
   Doing Business As JUDSON
   MEADOWS,
                  Appellant.

COMMISSIONER OF LABOR,
                  Respondent.
_____

Calendar Date:  February 23, 2016

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

Bond, Schoeneck & King, PLLC, Albany (Sanjeeve K. DeSoyza of counsel), for appellant.

Thomas F. Garner, Middleburgh, for Coretha D. Gallman, respondent.

_____

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 2014, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was discharged from her employment as a home health aid for an assisted living facility for sleeping on duty during her night shift, after having received a final warning advising her that such conduct could lead to her discharge.  The Unemployment Insurance Appeal Board accepted claimant's testimony, finding that she was entitled to unemployment

insurance benefits as the evidence did not establish that she was sleeping on duty or that she was terminated under disqualifying conditions.  The employer appeals.

We affirm, as substantial evidence supports the Board's finding that claimant did not engage in disqualifying misconduct. "[W]hether a claimant's behavior has risen to the level of disqualifying misconduct is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Alegria [Commissioner of Labor], 107 AD3d 1290, 1291 [2013]; see Matter of Jaiyesimi [ISS Action, Inc.—Commisssioner of Labor], 114 AD3d 983, 983 [2014]).  Here, conflicting testimony was presented as to whether claimant engaged in disqualifying misconduct by sleeping on the night in question.  While two of claimant's coworkers testified that they observed her lying on a couch in the main lobby of the facility sleeping for approximately five hours on the night in question, the Board expressly discredited their testimony.  The testimony reflects that one of the coworkers was unsure which day this had occurred and the other conceded that, although she was concerned for the residents' safety, she never attempted to awaken claimant and that claimant fulfilled all of her duties that night. Claimant, in contrast, denied that she was sleeping on the night in issue and that the first coworker was on duty or present that night.  As it is within the exclusive province of the Board to decide issues of credibility, it was entitled to credit claimant's testimony over the other testimony presented (see Matter of Argueta [Barney's N.Y., Inc.—Commissioner of Labor], 133 AD3d 1005, 1005 [2015]; Matter of Sanders [Rescue Mission Alliance, Inc.—Commissioner of Labor], 106 AD3d 1311, 1312 [2013]).  Accordingly, the Board's decision is supported by substantial evidence and will not be disturbed.

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.

-3-                                521657

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court