Matter of Iwuchukwu (Active Transp. Servs.--Commissioner of Labor) (2023 NY Slip Op 00701)

Matter of Iwuchukwu (Active Transp. Servs.--Commissioner of Labor)

2023 NY Slip Op 00701

Decided on February 9, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023 

533039 533392
[*1]In the Matter of the Claim of Godwin Iwuchukwu, Respondent. Active Transport Services, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Peter Fidopiastis, Glens Falls, for appellant.
Teresa C. Mulliken, Harpersfield, for Godwin Iwuchukwu, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

Reynolds Fitzgerald, J.
Appeals (1) from two decisions of the Unemployment Insurance Appeal Board, filed October 27, 2020, which ruled that Active Transport Services was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated, and (2) from a decision of said Board, filed September 16, 2020, which ruled that claimant was eligible for unemployment insurance benefits.
Active Transport Services (hereinafter ATS) is a logistics broker that recruits drivers to provide delivery services for its clients. In October 2019, claimant, who had been engaged as a delivery driver for ATS, applied for unemployment insurance benefits, citing a lack of work. The Department of Labor thereafter issued initial determinations, first finding that claimant was an employee of ATS for purposes of unemployment insurance benefits and that ATS was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated and, later, that claimant did not engage in any disqualifying misconduct and that he had good cause to leave his employment. Following various hearings, an Administrative Law Judge (hereinafter ALJ), in two decisions, sustained the Department's determinations. In three separate decisions, the Unemployment Insurance Appeal Board affirmed. ATS appeals from all three decisions.
Initially, "[w]hether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review" (Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Jung Yen Tsai [XYZ Two Way Radio Serv., Inc.-Commissioner of Labor], 166 AD3d 1252, 1253 [3d Dept 2018]). This is so even where there is record evidence that would have supported a contrary conclusion (see Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d at 1859). "Substantial evidence is a minimal standard that demands only such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Blomstrom [Katz-Commissioner of Labor], 200 AD3d 1232, 1233 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Brown [Plannernet, Inc.-Commissioner of Labor], 195 AD3d 1329, 1330 [3d Dept 2021]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia [*2]of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020] [internal quotation marks, brackets, citations and footnote omitted]; see Matter of Hawkins [A Place for Rover Inc.-Commissioner of Labor], 198 AD3d 1120, 1121 [3d Dept 2021]).
The record here reflects that ATS actively advertised for delivery drivers and, upon recruitment, required them to sign an agreement with a third-party payroll administrator and to maintain certain insurance or to purchase same from a designated provider. Although drivers drove their own vehicles and could choose a route of travel for a delivery, ATS arranged delivery assignments and provided drivers with the date, time and location of deliveries. Rates of pay for drivers were generally set by ATS and drivers were paid by ATS through its payroll administrator, regardless of whether ATS had first been paid by its client for the delivery services rendered. In order to receive payment, ATS required drivers to submit delivery manifests and photographic proof of deliveries made. Moreover, ATS communicated with drivers and its customers directly regarding delivery status and, further, handled customer complaints and delivery difficulties encountered by drivers. ATS further acknowledged that, with certain customers, drivers were required to wear ATS name badges when making deliveries. According to claimant, he was also asked to identify himself as working on behalf of ATS when making deliveries. Although drivers were permitted to use substitutes when needed, they were required to ensure that any substitute met ATS's requirements. In view of the foregoing, we find that substantial evidence supports the Board's determination that ATS exercised sufficient control over claimant to establish an employment relationship (see Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d 1064, 1064-1065 [3d Dept 2022]; Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d 1036, 1037-1038 [3d Dept 2021]; Matter of Dorsey [NY GO Express Inc.-Commissioner of Labor], 196 AD3d 941, 943-944 [3d Dept 2021], lv dismissed 38 NY3d 1027 [2022]). Moreover, contrary to ATS' contentions on appeal, we further find that the Board properly held that its findings of employment applied to all others determined to be similarly situated (see Labor Law § 620 [1] [b]; Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d at 1065; Matter of Dorsey [NY GO Express Inc.-Commissioner of Labor], 196 AD3d at 944).
Having found an employment relationship, we turn to the Board's decision finding that claimant was entitled to unemployment insurance benefits. Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve, and its determination in this regard will be upheld if supported by substantial evidence, despite evidence in the record that could support [*3]a contrary conclusion (see Matter of Lamo [Commissioner of Labor], 205 AD3d 1297, 1297-1298 [3d Dept 2022]; Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [3d Dept 2019]). Similarly, the Board's determination as to whether a claimant has engaged in disqualifying misconduct will be upheld where supported by substantial evidence (see Matter of Reyes [Commissioner of Labor], 153 AD3d 1551, 1552 [3d Dept 2017]; Matter of Cohen [New York City Dept. of Citywide Admin. Servs.-Commissioner of Labor], 152 AD3d 1091, 1093 [3d Dept 2017]). Here, claimant was found to have credibly testified that, after September 19, 2019, he did not receive any further offers from ATS for work assignments. Although ATS submitted a list of later dates when it purportedly advised claimant of available work through a third-party notification platform, claimant testified that he was not aware of these efforts. To the extent that claimant's final day of work allegedly involved an argument with an ATS dispatcher, it is notable that claimant testified that he nevertheless remained available and willing to work. Notably, ATS acknowledged that it did not initially contact claimant for additional assignments following his final day of work because it had lost a delivery contract and there was a "lack of work." In view of the foregoing, we find that substantial evidence supports the Board's decision that claimant was eligible to receive unemployment insurance benefits (see Labor Law § 593 [1] [a]; [3]; Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], 140 AD3d 1565, 1566-1567 [3d Dept 2016]; Matter of Gallman [Baptist Health Enriched Hous. Program, Inc.-Commissioner of Labor], 138 AD3d 1296, 1296-1297 [3d Dept 2016]; compare Matter of Schirra [Commissioner of Labor], 45 AD3d 1067, 1068 [3d Dept 2007]). ATS's remaining contentions, to the extent not expressly addressed herein, have been examined and found to be without merit.
Clark, J.P., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.